UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONSTANTIN GRIGORISHIN, et al.,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>ALEXANDER VARTANYAN,<br><br>　　　　Respondent. | Case No. 16-cv-05274-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 5 |

　　　　Petitioners Konstantin Grigorishin and Dastime Group Limited brought this action seeking to compel Respondent Alexander Vartanyan, a Russian national living in Switzerland, to participate in ongoing arbitration between Petitioners and Moonvale Investments Limited ("Moonvale"), which is not a party to the present action.  The arbitrator entered a protective order governing the arbitration.  Goteiner Decl. (dkt. 5-1) ¶ 4 & Ex. A.  Moonvale objected to disclosure of certain material that Petitioners intended to include with their present Petition to Compel Arbitration, and the arbitrator entered an order requiring a number of documents to be filed under seal.  *Id.* ¶ 5 & Ex. B.  Based on the arbitrator's order, Petitioners now move to file under seal those documents and virtually all portions of their Petition that discuss the underlying facts of the case.  *See generally* Admin. Mot. to File Under Seal (dkt. 5).  "Petitioners take no position as to whether disclosure of any of these materials would cause harm to Moonvale, Vartanyan, or any third parties."  *Id.* at 1.

　　　　Courts have long recognized a strong presumption of public access to court records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing, *e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597−98 & n.7 (1978)).  A party seeking to overcome that presumption generally must demonstrate "'compelling reasons'" to file documents under seal rather than in the public record.  *Id.* at 1178−79 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*,

331 F.3d 1122, 1135 (9th Cir. 2003)).  The Court is aware of no authority allowing parties to a dispute to delegate the Court's role in safeguarding the public's access to records of judicial proceedings to a private arbitrator.  Indeed, the arbitrator herself recognized that that "[o]nce any such proceeding is initiated in any court, any further disputes regarding the use and filing of Confidential information in such proceeding shall be resolved by the court overseeing the proceeding."  Goteiner Decl. Ex. A.

The Court recognizes that the competing obligations of public access and the arbitrator's protective order place Petitioners in a difficult position.  Civil Local Rule 79-5(e), which governs the filing of documents designated as confidential by another party under a protective order, provides a mechanism to balance those interests.  The Court finds that procedure appropriate for the material at issue here, although additional time is warranted at this early stage of the case.  Accordingly, Petitioners are instructed to serve their administrative motion, this Order, and the materials at issue on any person or entity that Petitioners believe can claim a confidentiality interest in those materials **no later than December 30, 2016**.  Any such party, including Petitioners, may file a declaration **no later than January 13, 2017** setting forth specific compelling reasons why specific sensitive portions of the material should remain under seal.  Such requests must be narrowly tailored.  *See* Civ. L.R. 79-5(b); *see also In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 3:12-cv-06003-CRB, ECF Doc. No. 411 (N.D. Cal. July 28, 2015).  If no party files a responsive declaration setting forth compelling reasons for sealing, the Court will deny Petitioners' administrative motion and order the Petition and its attachments filed in the public record.

**IT IS SO ORDERED.**

Dated: December 16, 2016

JOSEPH C. SPERO
Chief Magistrate Judge