UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONSTANTIN GRIGORISHIN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALEXANDER VARTANYAN,<br><br>    Defendant. | Case No. 16-cv-05274-JCS<br><br>**AMENDED[1] ORDER DENYING ADMINISTRATIVE TO PERMIT FILING OR TO SHORTEN TIME FOR HEARING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 21 |

On January 3, 2017, Plaintiffs sought to file a motion for default judgment noticed for a hearing on January 13, 2017. The Clerk rejected the filing for failure to comply with this Court's local rules regarding noticed motions. Plaintiffs now move for an order either instructing Clerk to file the motion with the January 13 hearing date, or shortening time for a hearing and allowing Plaintiffs to file a new motion noticed for January 13.

Plaintiffs argue that a shortened schedule should be permitted because Rule 55(b)(2) only requires that a party against whom default judgment is sought be given seven days' notice before a hearing if that party has appeared in the case, which Defendant Alexander Vartanyan has not, and because the briefing schedule that underlies the usual 35-day notice period set by Civil Local Rule 7-2 is not applicable in a case where the defendant has not appeared.

Rule 55(b)(2) sets a minimum notice period under certain circumstances to protect parties that have appeared in litigation from facing default judgment without adequate time to respond and appear at the hearing. Nothing in that rule prohibits a court from setting a longer notice period than that federally prescribed minimum. In this Court, Civil Local Rule 7-2(a) provides that "*all* motions must be filed, served and noticed in writing . . . for hearing not less than 35 days after

---

[1] This amended order corrects and supersedes the Court's order dated January 5, 2017 (dkt. 23), which erroneously referred to "Defendants" instead of "Plaintiffs" in several instances.

filing of the motion." Civ. L.R. 7-2(a) (emphasis added). The local rules provide for certain exceptions to that rule, including for administrative motions and motions made during the course of trial, but make no exception for motions for default judgment. And while an opposition brief may be unlikely where a defendant has not appeared, the notice period serves other important purposes besides accommodating the briefing schedule, including giving a defendant in default an opportunity to seek to set aside the entry of default and allowing the Court adequate time to consider the moving parties' arguments as to why default judgment is warranted.

Plaintiffs' only argument as to why an expedited hearing is necessary (as opposed to merely permissible) is that "the other parties to the arbitration are claiming that that the Arbitrator cannot enter an enforceable award as to them until the issue of Vartanyan's joinder and the adjudication of any claims against Vartanyan have also been resolved." Admin. Mot. (dkt. 21) at 3; Matayoshi Decl. (dkt. 21-1) ¶ 2. Because Plaintiffs fail to identify any actual prejudice that would result from delaying the arbitrator's final decision by a matter of weeks, this argument is inadequate. Plaintiffs' administrative motion is therefore DENIED.

Plaintiffs are instructed to refile their motion for default judgment in compliance with the local rules, noticed for a hearing at least 35 days from the date of refiling.

**IT IS SO ORDERED.**

Dated: January 6, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge