UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KONSTANTIN GRIGORISHIN, et al.,

Petitioners,

v.

ALEXANDER VARTANYAN,

Respondent.

Case No. 16-cv-05274-JCS

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 5

Petitioners Konstantin Grigorishin and Dastime Group Limited brought this action seeking to compel Respondent Alexander Vartanyan, a Russian national living in Switzerland, to participate in ongoing arbitration involving Petitioners, Moonvale Investments Limited ("Moonvale"), and Peter Kiritchenko. Moonvale and Kiritchenko are not parties to the present action. Petitioners sought to seal large portions of their petition to compel arbitration on the basis of Moonvale's objection to disclosure of that information, and the arbitrator's ruling that it could be used in this proceeding if filed under seal. The arbitrator recognized, however, that "[o]nce any such proceeding is initiated in any court, any further disputes regarding the use and filing of Confidential information in such proceeding shall be resolved by the court." Goteiner Decl. (dkt. 5-1) Ex. A. Petitioners took no position as to whether disclosure would cause harm to any party. Admin. Mot. to File Under Seal (dkt. 5) at 1.

The Court held that Petitioners' administrative motion did not itself demonstrate "compelling reasons" to file documents under seal as required by Ninth Circuit law, noting that the Court was "aware of no authority allowing parties to a dispute to delegate the Court's role in safeguarding the public's access to records of a judicial proceeding to a private arbitrator." Order Re Admin. Mot. (dkt. 16) at 2 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178−79 (9th Cir. 2006)). Recognizing that persons besides Petitioners might have a

confidentiality interest in the material at issue, however, the Court directed Petitioners to notify all such parties of the issue and allowed any such party to file a "declaration . . . setting forth specific compelling reasons why specific sensitive portions of the material should remain under seal." *Id.*

The deadline for responses has now passed, and the Court has received only one response, from attorneys for Kiritchenko. Kiritchenko contends that the material should remain under seal because the rules of the arbitration provide for confidentiality, and because "the presently sealed portions of the Petition allege repeatedly and at length that the underling [sic] arbitration was a 'sham' proceeding in which Mr. Kiritchenko and others gave 'perjurious' testimony." Response (dkt. 28) at 2. According to Kiritchenko, disclosure of those allegations would "have the potential to inflict significant harm upon Mr. Kiritchenko and his reputation." *Id.* Although Kiritchenko concedes that "Petitioners can characterize the arbitration and evidence in it as he [sic] chooses," he disputes Petitioners' characterizations, and argues that unsealing the material at issue would "leave Mr. Kiritchenko in the untenable position of either seeking permission from the Arbitrator to file in this Court additional information from the arbitration to explain a different version of the arbitration proceedings so that he would not be unfairly maligned in the public record, or not doing anything and living with a public record that accuses him of criminal behavior." *Id.*

As a starting point, Kiritchenko's response fails to follow the Court's instructions in two respects. First, Kiritchenko has not submitted a declaration, as required by the previous order and by this Court's Local Rules regarding filing documents under seal. *See* Order Re Admin. Mot. at 2 (adopting the procedure of Civil Local Rule 79-5(e) and stating that parties may "file a declaration" in support of sealing); Civ. L.R. 79-5(e)(1) ("[T]he Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."). Second, Kiritchenko has not identified "specific compelling reasons why *specific sensitive portions* of the material should remain under seal," Order Re Admin. Mot. at 2 (emphasis added), instead asserting that everything Petitioners initially sought to seal should remain sealed. *See generally* Response; *cf.* Civ. L.R. 79-5(b) ("The request must be narrowly tailored to seek sealing only of sealable material . . . ."). The Court notes that significant portions of the material at issue, such as passages and documents describing the arbitration parties' business history, does

not consist of the sort of accusations to which Kiritchenko objects.

Moreover, and more fundamentally, Kiritchenko cites no authority for the proposition that avoiding potential reputational harm from a mere accusation of wrongdoing constitutes a "compelling reason" to set aside the assumption of public access to judicial records and allow documents to remain under seal. *See Kamakana*, 447 F.3d at 1178−79. Kiritchenko's own response publicly discloses the allegations that Petitioners make regarding his conduct, and makes clear that he disputes them. If he wishes to counter Petitioners' assertions to avoid reputational harm in the court of public opinion, there are countless ways in which he can make his disagreement known outside of this Court's docket. And although this Court may be called upon to take certain of Petitioners' allegations as true for the limited purpose of resolving Petitioners' pending motion for summary judgment, that would be the case regardless of whether the material remains under seal, and the Court may have no occasion to actually decide the truth or falsity of any factual allegation. The Court is therefore not persuaded that disclosure of the material at issue would require the "collateral and irrelevant" endeavor of "litigat[ing] the arbitration in this Court to create a balanced public record." *See* Response at 2.

Because Kiritchenko has not met his burden to submit a declaration showing compelling reasons why specific portions of the material at issue must remain under seal, and no other party has submitted a response, the administrative motion to file under seal is DENIED. Petitioners are instructed to file an unredacted version of their petition and all exhibits thereto in the public record no earlier than January 30, 2017 and no later than February 3, 2017. *See* Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: January 24, 2017

JOSEPH C. SPERO
Chief Magistrate Judge